UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

VANTREASE FRAZIER                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:23-cv-49-DCB-ASH

JAMES BRUMFIELD, et al.                                       DEFENDANTS

**ORDER**

This matter is before the Court on Magistrate Judge Andrew S. Harris's Report and Recommendation ("Report") [ECF No. 55] in which he recommends dismissal of Defendants Sheriff Brumfield and Captain Bynum without prejudice. The Report was entered *sua sponte* on June 30, 2025, and objections to it were due by July 13, 2025. Id. at 5. Plaintiff Frazier filed an untimely Objection on July 18, 2025 [ECF No. 57] and the Defendants' Response was filed on August 1, 2025. [ECF No. 59].

Upon a comprehensive review of the record and relevant legal authorities, this Court finds that Judge Harris's Report should be adopted in full.

I.   Background

Vantrease Frazier filed suit against Sheriff Brumfield, Captain Bynum, Warden Young, and Pike County, Mississippi on May 30, 2023 under 42 U.S.C. § 1983. [ECF No. 1]. His allegations were

clarified at an Omnibus Hearing on August 21, 2024. [ECF No. 47].[1] Plaintiff Fraizer's allegations, as clarified at the Omnibus Hearing, include: "(1)overcrowding, (2) sleeping on the floor, (3) exposure to black mold and dust, (4) lack of hygiene items, (5) lack of nutritional food, (6) lack of lights and exposed wiring, (7) cell doors that do not lock, (8) lack of access to call or emergency button, (9) lack of physical exercise, (10) lack of access to an adequate law library, and (11) withholding personal and legal mail." [ECF No. 55] at 2; [ECF No. 47] at 9–63. In attempt to allocate fault for these issues, Plaintiff Fraizer sued Defendant Brumfield and Bynum in their official capacities as Sheriff and Captain, respectively. [ECF No. 47] at 64, 65.

In his detailed Report, which is supported by transcript citations to Plaintiff's sworn testimony at the Omnibus Hearing, Judge Harris recommends that the Court dismiss without prejudice Defendants Sherriff Brumfield and Captain Bynum because Plaintiff's claims against them are redundant to Frazier's claims against Pike County. [ECF No. 55]. Plaintiff Frazier untimely objected to this Report, attempting to add additional claims against the Defendants and sue them in "both their individual and official capacities." [ECF No. 57] at 1. Defendants responded to Plaintiff's objections and argue they should be overruled because

---

[1] Defendant Young was subsequently dismissed without prejudice on January 30, 2025. [ECF NO 53].

2

"(1) Magistrate Judge Harris correctly concluded Plaintiff's claims against Sheriff Brumfield and Captain Bynum are duplicative and (2) Plaintiff's objections are additional claims not properly before the court." [ECF No. 60] at 2.

II.  Standard of Review

Where a petitioner has submitted a timely written objection to a Magistrate Judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Walker v. Savers, 583 F. App'x 474, 474-75 (5th Cir. 2014). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." Gooding v. Colvin, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." Id. (citing Koetting, 995 F.2d at 40). "Instead, the report and recommendation

3

is reviewed by the district judge for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005)); see also Hernandez v. Livingston, 495 F. App'x 414, 416 (5th Cir. 2012); Jackson v. Berryhill, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); Robertson v. Berryhill, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

   III. Analysis

   Plaintiff filed Objections to the Magistrate Judge's Report after the expiration of the fourteen (14) day period prescribed in 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b). Accordingly, the objections were untimely and will not be considered.

   As the objection filed by Plaintiff Fraizer was untimely, the Court reviews the Judge Harris's Report for abuse of discretion. Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017) ("... a party is not entitled de novo review after failing to file written objections to the magistrate judge's R&R within a certain period of time.").

   Finding no clear error in the Report and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Harris's recommendation that Sherriff Brumfield and Captain Bynum

are to be dismissed without prejudice as it is redundant to sue them as well as Pike County. [ECF No. 4].

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 55] is ADOPTED.

IT IS FURTHER ORDERED that Defendants Sheriff Brumfield and Captain Bynum are dismissed without prejudice from this lawsuit.

SO ORDERED, this _____ day of January 2025.

_____

UNITED STATES DISTRICT JUDGE